Wardlaw, J.,
dissenting:
A district court “abuse[s] its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afford[s] no reason to believe that [the claimant] is not, in fact, disabled.” Garrison v. Colvin, 769 F.3d 995, 1021 (9th Gir. 2014). Here, each of the three requirements for the “credit-as-true” rule is met; therefore, the district court abused its discretion in failing to remand for benefits. Even as the district court correctly acknowledged that “the Commissioner’s decision [was not] supported by substantial evidence” in light of “post-hearing medical reports” showing that De-melo had “suffered] a significant heart incident after the ALJ issued his findings,” it failed to account for—indeed, failed to rule on—the ALJ’s numerous errors, which, if corrected, would have demonstrated Demelo’s disability and required remand for an award of benefits.
(1) The record is fully developed. The ALJ had before him the opinions of at least seven physicians, five of whom were Demelo’s treating physicians. The voluminous medical record shows that Demelo has suffered numerous heart attacks, has been hospitalized many times for heart failure symptoms, only sleeps one hour at a time because he must sleep sitting up in order to breathe, cannot walk even one block without severe chest pain and shortness of breath, and that the activities of daily living are terribly strenuous for him. Both Demelo and his brother, Julio Deme-lo, testified consistently with the medical records. Julio, with whom Demelo lives, testified that- Demelo “can barely walk to the mailbox and back,” “never feels good,” is “always ... either laying down or sitting down,” and just a couple of weeks prior to the ALJ hearing had suffered a fairly serious heart attack just from walking down the driveway.
The district court concluded that the record was incomplete only because it accepted, without analysis, the ALJ’s refusal to credit the opinion of any of the five physicians who found that Demelo was “disabled” within the meaning of the Social Security Act. But as discussed below, if these opinions had been credited as re *807 quired, it would have been clear that the record is fully developed.
(2) Four treating physicians and one of the agency’s examining physicians independently concluded that Demelo is disabled under the Social Security Act. A treating physician’s opinion is entitled to substantial weight. Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)). However, the ALJ failed to accord these opinions any weight, even though they were corroborated by hundreds of pages of Demelo’s medical records. Instead, the ALJ improperly gave the greatest weight to the testimony of Dr. Gerber, who neither treated nor-examined Demelo. The failure of the ALJ to properly weight the various physicians’ opinions contravenes our instructions in Garrison v. Colvin, where we explained, “While the opinion of a treating physician is ... entitled to greater weight than that of a non-examining physician, the opinion of an examining physician is entitled to greater weight than that of a non-examining physician. The weight afforded a non-examining physician’s testimony depends on the degree to which [he] provided] supporting explanations for [his] opinions.” 759 F.3d at 1012 (citations and internal quotation marks omitted) (alterations in original). If the district court had properly credited the opinions of the doctors who found Demelo disabled, then it could not have concluded that the record was incomplete, and it could not have remanded for further factfinding.
Moreover, the ALJ failed to provide legally sufficient reasons for discrediting De-melo’s symptom testimony. Our precedent requires the ALJ to apply a two-step process: “First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or ... some degree of the symptom [alleged].” Garrison, 759 F.3d at 1014 (internal quotation marks omitted). “If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant’s testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.” Id. at 1014-15 (emphasis added) (citations omitted) (internal quotation marks omitted). The ALJ failed to meet these analytical requirements in virtually all respects.
It is undisputed that Demelo met the first step of the test. Moreover, the ALJ made no finding of malingering. Nonetheless, the ALJ discredited Demelo’s account of his pain and other symptoms because the ALJ “ha[d] a hard time accepting that an individual with disabling cardiac impairments could walk up to five miles per day,” and because the ALJ was suspicious of Demelo’s level of “candor” about his smoking habit. But Demelo’s supposed ability to walk five miles is the clear anomaly in the totality of the record, and the ALJ did not provide any reason, much less a specific, clear, and convincing one, for discrediting Demelo’s claims that he could not, in fact, walk five miles and that anything in the record that suggested he could was not accurate. Furthermore, it is not evident why the ALJ thought that Demelo was not candid about his occasional smoking—like many smokers who struggle to quit, Deme-lo appears to have gone through phases of smoking more or less, but Demelo reports that he permanently quit in 2011. The ALJ did not explain why this fact suggests that Demelo lacked “candor” regarding his smoking habit. In short, these are not the specific, clear, and convincing reasons, our precedent requires for a finding of non- *808 credibility. Accordingly, the ALJ erred in discrediting Demelo’s symptom testimony.[1]
Additionally, the ALJ completely discounted Julio Demelo’s testimony, citing as reasons the facts that Julio was not a medically trained professional (he is a dairy farmer), that Julio’s testimony must be so “colored by affection” as to be non-credible, and because his testimony, like that of “the claimant’s, is simply not consistent with the preponderance of the opinions and observations by medical doctors in this case.” Each of these reasons was improper or incorrect. ALJs are required, to credit lay testimony from family and friends of disability claimants, regardless of their medical expertise, precisely because “witnesses who view the claimant on a daily basis” “can often tell whether someone is suffering or merely malingering.” Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996). Disregarding such testimony violates 20 C.F.R. § 404.1513(e)(2). See also Sprague v. Bowen, 812 F.2d 1226, 1231-32 (9th Cir. 1987). Furthermore, the ALJ was wrong that Julio’s testimony was inconsistent with the medical opinions in the record—the opposite is true.
To the extent that the record shows certain periods of improvement, “it is error to reject a claimant’s testimony merely because symptoms wax and wane in the course of treatment.” Garrison, 759 F.3d at 1017. Because “[cjycles of improvement and debilitating symptoms are a common occurrence, ... [i]t is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.” Id.
(3) Finally, if the improperly discredited evidence were credited as true, the ALJ would be required to find Demelo disabled on remand. The record is replete with proof that Demelo is seriously disabled. As the post-hearing evidence before the Appeals Council illustrates, Demelo struggles to shower regularly and lacks the mobility to maintain his hygiene. He regularly struggles to breathe, and suffers from severe chest pains and shortness of breath. He has trouble standing, bending, and balancing. He has collapsed from a heart attack attempting to walk a half-block to the mailbox. Without his brother’s charity, he would be homeless.
[[Image here]]
Because all three requirements of the “credit-as-true” rule are met, and because there is no “serious doubt” that Demelo is disabled despite some discrepancies in the record, Garrison, 759 F.3d at 1021, 1023, I would conclude that it was an abuse of discretion for the district court to fail to remand Demelo’s case for an award of benefits.
If Demelo had not submitted new evidence to the Appeals Council, a district court properly applying the credit-as-true rule would have been obligated to remand for an immediate award of benefits. It does not serve the purpose of the Social Security Act to prolong Demelo’s decade-long application for benefits by remanding to the agency solely to incorporate “new” evidence that shows only that Demelo is just as, if not more, disabled than he was six years ago, when he last appeared before the ALJ. The record before the ALJ substantially supports finding that Demelo is disabled, so there is no need for further *809 factfinding. Demelo has waited a decade for his disability determination, “and additional proceedings [will] only delay [his] receipt of benefits.” Smolen, 80 F.3d at 1292. The evidence that Demelo submitted, confirming his ongoing disability, ought to have made it easier for him to receive the benefits to which he is entitled, not‘perversely more difficult. I respectfully dissent.

. Our inquiry ends here, for "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary,” and it is not our role to scour the record for evidence that a claimant is or is not credible. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Nevertheless, I note that a -review of the record reveals that the ALJ’s reasons for discrediting Demelo's testimony cannot be supported by the evidence.